UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEMORA J. JOHNSON,

        Plaintiff,                           Case No. 10-14926

v.                                          Paul D. Borman
                                            United States District Judge

                                            Michael Hluchaniuk
                                            United States Magistrate Judge

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (DKT. NO. 17);
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (DKT. No. 16);
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 9); and
(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 14)

This matter is before the Court on the parties cross motions for summary judgment. On February 28, 2012, Magistrate Judge Michael Hluchaniuk filed a Report and Recommendation (Dkt. No. 17), recommending that the Court grant Defendant Commissioner of Social Security's Motion for Summary Judgment (Dkt. No. 14) and deny Plaintiff Cemora J. Johnson's Motion for Summary Judgment (Dkt. No. 9). On March 1, 2012, Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation. (Dkt. No. 17.) On March 15, 2012, Defendant filed a Response to Plaintiff's Objections. (Dkt. No. 18.)

1

For the reasons stated below, the Court DENIES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Motion for Summary Judgment.

## I. BACKGROUND

The Magistrate Judge thoroughly recounts the relevant facts, procedural history and parties' positions. His findings are incorporated herein. (Dkt. No. 16, Report and Recommendation 3-16.)

## II. LEGAL STANDARD

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

III.  ANALYSIS

Plaintiff's sole objection is to the Magistrate Judge's conclusion that the ALJ reasonably discounted the opinion of Plaintiff's treating physician. Plaintiff continues to argue that the ALJ failed to give controlling weight to the opinion of her treating physician, Dr. Eduardo Abellana, and failed to provide adequate reasons for giving her treating physician's opinion less than controlling weight. The Court disagrees.

While the ALJ found that Plaintiff suffered from the severe impairments of asthma, degenerative joint disease of the knees and hands, obesity and anemia with sickle cell trait, he found that she had the residual functional capacity to perform certain sedentary work. In reaching his opinion, the ALJ afforded reduced weight to the opinion of Plaintiff's treating physician, Dr. Abellana. The ALJ clearly articulated his finding that Dr. Abellana's extreme opinion, which stated that Plaintiff could not even work one hour a day, could only sit for fifteen minutes at a time and could not lift even five pounds, was not supported by his treating records. (Tr. 17.) The ALJ specifically stated that he afforded reduced weight to Dr. Abellana's extreme opinion as to Plaintiff's limitations because it was inconsistent with Dr. Abellana's treating notes, and was "without any explanation or citation of diagnostic findings . . . [or] function by function analysis." (Tr. 17.) The Magistrate Judge concluded that based on these findings, the ALJ was entitled to rely on, and give greater weight to, the opinions of the consulting examiner.

Furthermore, the Court rejects Plaintiff's suggestion that the ALJ in this case was required to recontact Plaintiff's treating source for clarification. The ALJ did not give reduced weight to Dr. Abellana's opinion because he could not ascertain the basis for the opinion but because he expressly found that it was unsupported by objective medical evidence. *See Ferguson v. Comm'r of Soc. Sec.,*

3

628 F.3d 269, 274 (6th Cir. 2010) (finding that the ALJ's obligation to recontact was not triggered where the "treating physician opinion was deemed unpersuasive not because its bases were unclear, but because they were not corroborated by objective medical evidence.")

Both the ALJ and the Magistrate Judge note that Dr. Abellana, in support of his opinion defining such extreme limitations on Plaintiff's abilities, did not cite to any objective medical evidence, such as laboratory tests or findings on exam, and his treatment notes do not disclose any such objective medical evidence. As the Magistrate Judge noted in his Report and Recommendation, while Plaintiff was hospitalized in 2005 and again in 2009, there is no indication in the record that these hospitalizations resulted in continuing limitations to the extreme degree suggested by Dr. Abellana in his report. Following Plaintiff's hospitalization, Dr. Abellana placed Plaintiff on blood thinners but did not otherwise place restrictions on Plaintiff's ability to perform activities. (Tr. 413-328.) Moreover, while Dr. Abellana's treatment notes from Plaintiff's monthly follow-up appointments continued to renew Plaintiff's various medications, the ALJ found that the notes do not reflect the limitations that Dr. Abellana claims Plaintiff suffers from in his August 11, 2009 opinion as to Plaintiff's residual functional capacity. (Tr. 17.)

Significantly, while both the ALJ and the Magistrate Judge pointed to the fact that Dr. Abellana's opinion was unsupported by any objective medical evidence, such as diagnostic studies or findings on exam, Plaintiff, in her motion for summary judgment and her objections, fails to direct the Court's attention to anything in the record that might contradict the ALJ and the Magistrate Judge on this point. Plaintiff offers no examples of what tests, findings or results the ALJ overlooked in his findings. Importantly, even Dr. Abellana, in his extreme opinion as to Plaintiff's limitations, further opined that there were no non-exertional limitations, such as side-effects of medicine, fatigue

4

or the need to take rest breaks, that would interfere with Plaintiff's ability to work. (Tr. 383.)

Thus, the Court agrees with the Magistrate Judge's conclusion that the ALJ reasonably discounted Dr. Abellana's extreme August 11, 2009 opinion, which is without the support of objective medical evidence. The Court therefore, DENIES Plaintiff's objection to the Magistrate Judge's Report and Recommendation.

IV. CONCLUSION

For the foregoing reasons, the Court:

(1) ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 16);

(2) DENIES Plaintiff's Objections to the Report and Recommendation (Dkt. No. 17);

(3) DENIES Plaintiff's Motion for Summary Judgment (Dkt. No. 9);

(4) GRANTS Defendant's Motion for Summary Judgment (Dkt. No. 14).

IT IS SO ORDERED.

Dated: 3-26-12

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE